UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

U.S. Bank National Association,
d/b/a U.S. Bank Equipment Finance,

      Plaintiff,

v.                                                                       Civil No. 13-2476 (JNE/JJG)
                                                                      ORDER

San Bernardino Public Employees' Association,

      Defendant.

---

This matter is before the Court on Defendant's motion to dismiss for lack of personal jurisdiction, or in the alternative, to transfer venue. For the reasons stated below, the motion to dismiss is denied, but the motion to transfer is granted.

BACKGROUND

Plaintiff U.S. Bank National Association ("U.S. Bank") filed this breach-of-contract action in state court and Defendant San Bernardino Public Employees' Association ("SBPEA") removed it to federal court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. The complaint alleges breach by SBPEA of its obligations to Plaintiff under two agreements relating to leases of copier equipment. With its suit, U.S. Bank alleges that SBPEA has defaulted on its agreements and owes U.S. Bank certain payments.

The parties do not appear to dispute that SBPEA lacks any significant presence in Minnesota or that U.S. Bank is based in Minnesota, but has national operations. SBPEA is a California corporation and does not have any offices, representatives, or assets in Minnesota. Neither has it conducted any business in Minnesota. Image Source, the third party supplier of the equipment leased to SBPEA, is also located in California. SBPEA negotiated and signed the relevant agreements in California. U.S. Bank has its principal place of business in Minneapolis,

1

Minnesota, with the offices of its equipment finance division located in Marshall, Minnesota. U.S. Bank reviewed SBPEA's application in Marshall, Minnesota. All billing and collection activity on the payments owed to U.S. Bank also originated there.

The primary lease agreement includes a "consent to law, jurisdiction, and venue" clause that lies at the center of the present jurisdictional and venue dispute. That agreement, attached to the complaint, names U.S. Bancorp Business Equipment Finance Group as the "lessor" and SBPEA as the "customer." The relevant clause uses the term "You" to refer to the customer and is reproduced verbatim below:

> This Agreement shall be deemed fully executed and performed in the state of Lessor or its Assignee's principal place of business and shall be governed by and construed in accordance with its laws. If the Lessor or its Assignee shall bring any judicial proceeding in relation to any matter arising under the Agreement, the You irrevocably agrees that any such matter may be adjudged or determined in any court or courts in the state of the Lessor or its Assignee's principal place of business, or in any court or courts in Your's state of residence, or in any other court having jurisdiction over you or your assets, all at the sole election of the Lessor. The You hereby irrevocably submits generally and unconditionally to the jurisdiction of any such court so elected by Lessor in relation to such matters. You waive trial by jury in any action between us.

("Forum Provision").

The second agreement is titled a "lease supplement" and lists a single additional piece of equipment to be leased. The supplement lists Image Source as the lessor. An assignment document shows a transfer of the supplement to U.S. Bank from Image Source.

## DISCUSSION

*Motion to Dismiss for Lack of Personal Jurisdiction*

SBPEA seeks dismissal of the action for a lack of personal jurisdiction. When a defendant challenges personal jurisdiction, the plaintiff bears the burden of showing that jurisdiction exists. *Burlington Indus. v. Maples Indus.*, 97 F.3d 1100, 1102 (8th Cir. 1996). "To survive a motion to dismiss for lack of personal jurisdiction, the plaintiff need only make a prima

facie showing of personal jurisdiction over the defendant." *Digi-Tel Holdings v. Proteq Telcoms.*, 89 F.3d 519, 522 (8th Cir. 1996). In ruling on the motion, a court must view the evidence in the light most favorable to the plaintiff and resolve factual conflicts in its favor. *Id*.

Nonresidents are subject to personal jurisdiction to the extent that state law allows, and Minnesota law confers personal jurisdiction over nonresident defendants to the maximum extent allowed by due process. *Dominium Austin Partners, L.L.C. v. Emerson*, 248 F.3d 720, 726 (8th Cir. 2001). Ordinarily, courts conduct a "minimum contacts" analysis to assess whether asserting jurisdiction comports with due process requirements. *See K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 592 (8th Cir. 2011). Under that analysis, the defendant's conduct and connection with the forum must be such that the defendant should reasonably anticipate being haled into court there. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Parties may, however, waive rights afforded them under the due process clause, *Monsanto Co. v. Ruckelshaus*, 753 F.2d 649, 654 (8th Cir. 1985), and "the personal jurisdiction requirement is a waivable right," *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985). Consequently, "[d]ue process is satisfied when a defendant consents to personal jurisdiction by entering into a contract that contains a valid forum selection clause." *Dominium*, 248 F.3d at 726 (citing *Burger King*, 471 U.S. at 472 n.14 and *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)).

SBPEA contends that it lacks sufficient contacts with Minnesota to meet the traditional minimum contacts standards. U.S. Bank does not dispute that contention, but argues that the parties' agreements include an enforceable forum selection clause under which SBPEA agreed to submit to the jurisdiction of courts in Minnesota. Therefore, the dispute over personal jurisdiction turns on the enforceability of the relevant forum selection clause.

The Eighth Circuit has not taken a definitive position on whether federal or state law applies to a determination of the enforceability of a forum selection clause, *Servewell Plumbing, LLC v. Fed. Ins. Co.*, 439 F.3d 786, 789 (8th Cir. 2006), but has expressed its inclination to find that federal law governs resolution of the issue in diversity cases, *Rainforest Cafe, Inc. v. EklecCo, L.L.C.*, 340 F.3d 544, 546 (8th Cir. 2003).  The parties do not argue that the outcome differs depending on the law applied, and so the Court evaluates the clause under federal law.[1] *See Rainforest Cafe*, 340 F.3d at 546.  Under federal law, "[f]orum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid for reasons such as fraud or overreaching."  *M.B. Restaurants, Inc. v. CKE Restaurants, Inc.*, 183 F.3d 750, 752 (8th Cir. 1999).  Thus, the forum clause should control, absent "a strong showing that it should be set aside" by the party resisting enforcement.  *M/S Bremen*, 407 U.S. at 15.

Unlike forum selection clauses that might name a specific state as the chosen forum, the Forum Provision is styled as what has been termed a "floating" forum selection clause in which the applicable forum depends on the location of one party or its assignee.  *See, e.g.*, *Lyon Fin. Servs., Inc. v. Nowobilska Med. Ctr., Ltd.*, Civ. No. 15-1820, 2005 U.S. Dist. LEXIS 36139, at *11-12 (D. Minn. Dec. 22, 2005); *Wells Fargo Fin. Leasing, Inc. v. NCH Healthcare Sys.*, 756 F. Supp. 2d 1086, 1093 (S.D. Iowa 2010).  Federal courts in this district and elsewhere have upheld the validity of analogous floating forum selection clauses.  *See, e.g.*, *IFC Credit Corp. v. Aliano Bros. Gen. Contrs., Inc.*, 437 F.3d 606, 607-13 (7th Cir. 2006); *Augustyniak Ins. Group, Inc. v. Astonish Results, L.P.*, Civ No. 11-464S, 2012 U.S. Dist. LEXIS 45922, at *1-4 (D.R.I. Apr. 2, 2012); *Wells Fargo*, 756 F. Supp. 2d at 1089-99; *Lyon Fin. Servs., Inc. v. Getty Hargadon Miller*

---

[1] Even if Minnesota law applied, there is no indication that the clause would be invalidated.  *See Lyon Fin. Servs., Inc. v. Film Funding, Inc.*, C4-00-1978, 2001 Minn. App. LEXIS 528, at *1-9 (Minn. Ct. App. May 15, 2001) (confirming the validity of a similar forum selection clause); *Interfund Corp. v. O'Byrne*, 462 N.W.2d 86, 87 (Minn. App. 1990).

4

*& Keller, PLLC*, Civ. No. 05-1821, 2006 U.S. Dist. LEXIS 5245, at *1-4 (D. Minn. Jan. 20, 2006); *Nowobilska*, 2005 U.S. Dist. LEXIS 36139, at *1-16. While the Sixth Circuit has declined to enforce a floating forum selection clause, it did so based on state law. *See Preferred Capital, Inc. v. Sarasota Kennel Club, Inc.*, 489 F.3d 303, 306-308 (6th Cir. 2007) (concluding that Ohio law applied to the question of enforceability and invalidating a shifting forum selection clause after the Ohio Supreme invalidated a similar clause on public policy grounds).

SBPEA has not shown that the circumstances involved warrant a departure from the thrust of the federal cases finding such a clause valid. The Forum Provision provides that U.S. Bank may elect a court "in the state of the Lessor or its Assignee's principal place of business." SBPEA contends there is ambiguity as to what "state of Lessor" means, but the entire phrase spells out that the relevant state is where the "Lessor or its Assignee's principal place of business" exists. SBPEA cites *Nowobilski*, 2005 U.S. Dist. LEXIS 36139, at *12, to argue that district courts in this forum have found similar clauses valid "because only <u>one forum</u> was proper at any given time under the clause and because the lessor did not have the freedom to choose a forum." Def.'s Reply Br., 12. But the clause at issue in other cases, involving the same plaintiff[2] as in *Nowobilski*, allowed the relevant party to choose between multiple options like the Forum Provision and was nonetheless deemed valid.[3] *See Getty Hargadon Miller & Keller*, 2006 U.S. Dist. LEXIS 5245, at *2-4; *Lyon Fin. Servs., Inc. v. Reno Sparks Ass'n of Realtors*,

---

2     According to Plaintiff's briefing, the plaintiff in those cases, Lyon Financial Services, Inc., is a former subsidiary of Plaintiff.
3     SPBEA itself recognizes the availability of "permissive" forum selection clauses, which represent "a consent to jurisdiction and venue in the named forum and do not exclude jurisdiction or venue in any other forum." *See Fla. State Bd. of Admin. v. Law Eng'g & Envtl. Servs.*, 262 F. Supp. 2d 1004, 1009 (D. Minn. 2003). When a contract has a permissive forum clause, by definition the plaintiff might file the suit in one of multiple jurisdictions. Thus, a party's explicit consent to being sued in any one of multiple jurisdictions at the election of the other party does not, on its own, render a forum selection clause invalid.

Civ. No. 03-5539, 2004 U.S. Dist. LEXIS 1779, at *2-4 (D. Minn. Feb. 4, 2004); *Lyon Fin. Servs., Inc. v. PowerNet, Inc.*, Civ. No. 01-1089, 2001 U.S. Dist. LEXIS 20193, at *4-7 (D. Minn. Nov. 19, 2001).

While the relative sizes of the parties differ, SBPEA has not established circumstances that render the contractual provision unenforceable. *See Webb v. R. Rowland & Co.*, 800 F.2d 803, 807 (8th Cir. 1986) (noting that unless a provision is unconscionable, "[t]he use of a standard form contract between two parties of admittedly unequal bargaining power does not invalidate an otherwise valid contractual provision"); *see also Carnival Cruise Lines v. Shute*, 499 U.S. 585, 590-595 (1991) (finding a forum selection clause in a ticket issued to individuals by a cruise company enforceable). SBPE also contends that "it is questionable whether SBPEA was even aware of the terms and conditions of the contract, including the forum selection clause." Def.'s Reply Br., 10. The main agreement is a two-sided form document with the main signature block on the front and the bulk of the conditions listed on the back in boiler-plate form. A separate signature line appears at the very end of the second page, after a listing of conditions labeled "for municipalities only." SBPE notes that its representative's signature only appears on the main signature block in front and not on the line on the second page. But the front of the document references specific provisions on the back, making it clear that the provisions on the back are part of the agreement. On the front, the SBPEA representative signed once accepting the agreement and a second time confirming among other details that "all conditions and terms of this Agreement have been reviewed and acknowledged." In light of these facts, to the extent any factual ambiguity exists as to whether the signature line on the reverse side was only for municipalities or for all customers, the issue must be resolved in U.S. Bank's favor in deciding the present motion.

SBPEA has not put forward any reason that renders the Forum Provision invalid. An exercise of jurisdiction over it would be proper based on its consent reflected in the Forum Provision. This action will not be dismissed for lack of personal jurisdiction.

*Alternative Request to Transfer*

In the alternative, SBPEA seeks transfer under 28 U.S.C. § 1404(a) to the Central District of California. Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." A motion to transfer under § 1404(a) calls on the district court to exercise its discretion and adjudicate the request based on an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (internal quotation marks omitted). The statutory language calls for consideration of (1) the convenience of the parties, (2) the convenience of witnesses, and (3) the interests of justice. *Terra Int'l v. Mississippi Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). A court is not, however, limited to considering these enumerated factors and should balance other case-specific factors as appropriate. *Id.* Generally, "federal courts give considerable deference to a plaintiff's choice of forum and thus the party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted." *Id.* at 695.

Because the parties do not dispute that the action "might have been brought" in the Central District of California, the Court turns directly to the convenience and interest of justice factors under § 1404(a). As an initial matter, the parties dispute the effect of the Forum Provision on the transfer analysis. Although not dispositive, a forum selection clause is a significant factor in the calculus, and a court may be called on to consider the fairness of the

requested transfer "in light of the forum-selection clause and the parties' relative bargaining power." *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). Although not a mandatory clause, in that it does not require that any suit arising out of the contract be brought in Minnesota, only that it *may* be brought in the state at the election of U.S. Bank, the Forum Provision represents a level of prior consent by SBPEA to suit in Minnesota. That consent weighs against—but does not preclude—transfer.

      Notwithstanding Plaintiff's choice of forum and the Forum Provision, several significant § 1404(a) considerations warrant transferring this case to the Central District of California. First, both convenience and fairness considerations justify a transfer because of the comparative circumstances of SBPEA and U.S. Bank as they relate to the underlying transaction at issue. Although not an overriding factor, the parties' relative financial ability may be considered when evaluating the convenience factor for parties with markedly different resources. *See In re Trusteeship Created by the Alaska Indus. Dev. & Exp. Auth.*, Civ. No. 10-2996, 2010 U.S. Dist. LEXIS 123279, at *8 (D. Minn. Nov. 19, 2010). While the equipment finance division of U.S. Bank operates out of Minnesota and SBPEA is located in California, U.S. Bank's national presence and comparative size would make it relatively easier for U.S. Bank to litigate this case in California than for SBPEA to litigate it in Minnesota. With sixteen employees and a single office in San Bernardino, California, SBPEA's scope and reach makes litigating in Minnesota a comparatively greater burden for it.

      The difference in resources between the parties magnifies the potential unfairness of forcing SBPEA to litigate in Minnesota especially when the nature of the underlying transaction is considered. SBPEA, located in California, negotiated and entered into a lease of copier equipment from a supplier in California. The copier equipment seems to be ancillary to

SBPEA's core operations and the expected monthly payments for it did not exceed $ 4,500.[4]  In contrast, financing equipment leases around the country appears to be central to the operations of U.S. Bank's equipment finance division.  Additionally, the boilerplate form and one-sided nature of the contractual terms, along with the absence of evidence of actual bargaining, signal a substantial inequality in bargaining power that factors into the analysis.  *See Nelson v. Master Lease Corp.*, 759 F. Supp. 1397, 1401-1402 (D. Minn. 1991).  Under these circumstances, the cost to SBPEA of litigating in Minnesota is disproportionately high.

Second, considerations relating to potential third party witnesses favor transfer.  *See CBS Interactive, Inc. v. NFL Players Ass'n*, 259 F.R.D. 398, 410 (D. Minn. 2009) (noting that non-party rather than party witnesses are of paramount concern); *accord Coast-to-Coast Stores, Inc. v. Womack-Bowers, Inc*., 594 F. Supp. 731, 734 (D. Minn. 1984).  The SBPEA representative who signed the contracts at issue is no longer an SBPEA employee, but resides in California.  He did not depart SBPEA on amicable terms and so SBPEA believes it will need to subpoena his testimony.  Additionally, Image Source, the third party supplier of the equipment that is the subject of the lease agreements is also located in California.  A transfer to California would allow for live testimony from these potentially significant non-party witnesses.  U.S. Bank has not identified any third party witnesses that make Minnesota a preferable forum.  Thus the considerations related to non-party witnesses favor transfer.

Third, the potential significance of Image Source, as the supplier of the leased equipment, also poses a risk of inefficiencies if it cannot be made a party or otherwise adequately incorporated into the proceedings in Minnesota.  Although the Court does not have facts before it

---

[4]     Although the complaint references an amount owed under the agreements of $136,201.81, that amount results from an acceleration of all future payments that was triggered by the alleged default.

to determine the extent to which Image Source may factor into the present dispute between the parties, given that the underlying agreements are leases for equipment supplied by Image Source, the potential for its involvement raises concerns for judicial economy. Several other cases involving leased copier equipment have been transferred to courts outside this district based, in part, on the likely involvement of the original lessor or third party supplier located in the requested forum. *See Getty Hargadon Miller & Keller*, 2006 U.S. Dist. LEXIS 5245, at *8; *Reno Sparks Ass'n of Realtors*, 2004 U.S. Dist. LEXIS 1779, at *8; *PowerNet Inc.*, 2001 U.S. Dist. LEXIS 20193, at *3; *cf. Lyon Fin. Servs. v. bioMerieux, Inc.*, 636 F. Supp. 2d 843, 855 (D. Minn. 2007) (declining to transfer in part because a determination had already been made that the third party equipment supplier was subject to personal jurisdiction in Minnesota). Similar concerns warrant a transfer to California, where Image Source is located.

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendant San Bernardino Public Employees' Association's Motion to Dismiss or in the alternative Motion to Transfer/Change Venue [Docket No. 3] is GRANTED as to the motion to transfer venue.

2. The Clerk of Court is DIRECTED TO TRANSFER this action to the United States District Court for the Central District of California.

Dated: December 3, 2013

                                                  s/Joan N. Ericksen
                                                  JOAN N. ERICKSEN
                                                  United States District Judge