| | |
|---|---|
| 1 | Dennis J. Hayes, Esq.  Bar No. 123576 |
| 2 | Michelle C. Hribar, Esq.  Bar No. 244522 |
| 3 | Gena B. Burns, Esq. Bar No. 275032 |
|   | **Hayes & Cunningham, LLP** |
| 4 | 5925 Kearny Villa Road, Suite 201 |
| 5 | San Diego, California 92103 |
|   | Telephone: (619) 297-6900 |
| 6 | Facsimile: (619) 297-6901 |

Attorneys for Defendant,
SAN BERNARDINO PUBLIC
EMPLOYEES' ASSOCIATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. Bank National Association, d/b/a U.S. Bank Finance Equipment, | ) Case No. 5:13-cv-02279-JGB-SP ) |
| Plaintiff, | ) Hon. Jesus G. Bernal ) |
| vs. | ) **SAN BENARDINO PUBLIC** ) **EMPLOYEES' ASSOCIATION'S** ) **ANSWER TO THE COMPLAINT OF** |
| San Bernardino Public Employees' Association, | ) **PLAINTIFF U.S. BANK** ) **ASSOCIATION; DEMAND FOR** |
| Defendant. | ) **JURY TRIAL** ) ) ) |
| | ) Date Action Filed:  08/22/13 ) Transfer Date:       12/12/13 ) Trial Date:            None Set ) ) ) ) ) |

**SBPEA'S ANSWER TO COMPLAINT**

Defendant San Bernardino Public Employees' Association ("SBPEA" or "Defendant") answers the Complaint ("Complaint") of U.S. Bank National Association, d/b/a U.S. Bank Finance Equipment, ("Plaintiff") as follows:

1. Responding to the allegations in Paragraph 1 of the Complaint, SBPEA responds that it does not have sufficient information or knowledge to admit or deny the allegations.

2. Responding to the allegations in Paragraph 2 of the Complaint, SBPEA admits that SBPEA is a California corporation, with its principal place of business at 433 North Sierra Way, San Bernardino, California 92402.

3. Responding to the allegations in Paragraph 3 of the Complaint, SBPEA denies each and every allegation.

4. Responding to the allegations in Paragraph 4 of the Complaint, SBPEA denies each and every allegation.

5. Responding to the allegations in Paragraph 5 of the Complaint, SBPEA denies each and every allegation.

6. Responding to the allegations in Paragraph 6 of the Complaint, SBPEA denies each and every allegation.

7. Responding to the allegations in Paragraph 7 of the Complaint, SBPEA denies each and every allegation.

8. Responding to the allegations in Paragraph 8 of the Complaint, SBPEA denies each and every allegation.

9. Responding to the allegations in Paragraph 9 of the Complaint, SBPEA denies each and every allegation.

///
///
///
///

1

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Cause of Action)**

1. The Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

**(Unclean Hands)**

2. The Complaint, and each cause of action alleged therein, is barred by the doctrine of unclean hands.

## THIRD AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

3. The Complaint, and each cause of action alleged therein, is barred because each cause of action alleged therein is barred by the applicable statutes of limitations, or by application of the most closely analogous California law statute of limitations, including, but not limited to, C.C.P. §§ 340, 335.1, 337, 338, 339, 340, and 343.

## FOURTH AFFIRMATIVE DEFENSE

**(Bad Faith)**

4. The Complaint, and each cause of action alleged therein, is barred by Plaintiff's bad faith, including its bad faith in the filing of this action against Defendant.

## FIFTH AFFIRMATIVE DEFENSE

**(Laches)**

5. The Complaint, and each purported cause of action alleged therein, is barred by the doctrine of laches.

///
///
///
///

### SIXTH AFFIRMATIVE DEFENSE

**(Contract(s) Made on Behalf of and Not Ratified By Defendant)**

6. The Complaint, and each purported cause of action alleged therein, is barred because the purported contract(s) alleged in the Complaint were not made by or on behalf of Defendant, and were not authorized or ratified by Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

**(Waiver)**

7. The Complaint, and each cause of action alleged therein, is barred by the doctrine of waiver.

### EIGHTH AFFIRMATIVE DEFENSE

**(Failure of Consideration)**

8. The Complaint, and each cause of action alleged therein, is barred because the alleged contract(s) are unenforceable for failure of consideration.

### NINTH AFFIRMATIVE DEFENSE

**(Lack of Consideration)**

9. The Complaint, and each cause of action alleged therein, is barred because the alleged contract(s) are unenforceable for lack of consideration.

### TENTH AFFIRMATIVE DEFENSE

**(Conditions Precedent)**

10. The Complaint, and each cause of action alleged therein, is barred by the failure of a condition precedent to Defendant's purported obligations under the alleged contract(s).

### ELEVENTH AFFIRMATIVE DEFENSE

**(Conditions Subsequent)**

11. The Complaint, and each cause of action alleged therein, is barred by the failure of a condition subsequent to Defendant's purported obligations under the alleged contract(s).

///

## TWELFTH AFFIRMATIVE DEFENSE
### (Material Breach)

12. The Complaint, and each cause of action alleged therein, is barred by Plaintiff's own material breach, which excused any further performance by Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Estoppel/Unjust Enrichment)

13. The Complaint, and each cause of action alleged therein, is barred by the doctrines of unjust enrichment and estoppel.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Failure to Exhaust Administrative Remedies)

14. Plaintiff's claims against Defendant are barred because Plaintiff has failed to exhaust any and all administrative remedies available to it.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

15. Plaintiff's recovery must be reduced to the extent that Plaintiff has failed to reasonably mitigate its alleged damages.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Detrimental Reliance)

16. Plaintiff's claims are estopped by Plaintiff's inequitable conduct, or by Plaintiff's conduct, which conduct induced reasonable and detrimental reliance on the part of Defendant, such that it would be unjust to permit Plaintiff to recover damages as alleged in the Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Collateral Estoppel)

17. Plaintiff's claims are barred, in whole or in part, by the doctrine of collateral estoppel.

///

///

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Rescission)

18. Plaintiff's recovery is barred because Defendant is entitled to a rescission of the contract(s) that is the subject of the Complaint pursuant to Civil Code § 1688, *et seq*.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Waiver or Consent)

19. Plaintiff's recovery is barred by the doctrine of waiver or consent, on the ground that Plaintiff expressly or implicitly consented to the alleged acts, omissions or conduct of Defendant in this matter, or, with knowledge of the material facts, expressly or implicitly waiving all relief for any loss or damage arising from the alleged acts, omissions or conduct of the Defendant as alleged in the Complaint.

## TWENIETH AFFIRMATIVE DEFENSE
### (Lack of Consent)

20. Each of Plaintiff's causes of action is barred by a lack of mutual consent with respect to the contract that is the subject of this action.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Setoff and Recoupment)

21. If Plaintiff has sustained any damages as alleged in the Complaint (which Defendant denies), then Defendant alleges that it is entitled to offset and recoupment against the full amount of any judgment that may be entered against Defendant.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Lack of Subject Matter Jurisdiction)

22. This Court lacks subject matter jurisdiction over each cause of action in the Complaint.

///

///

///

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Unlawful Contract)

23. The contract(s) alleged in the Complaint are unenforceable to the extent they are unlawful, illegal and void.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Contracts Contrary to Public Policy and Good Morals)

24. The contract(s) alleged in the Complaint are unenforceable to the extent they are contrary to public policy and good morals.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Unconscionability)

25. The contract(s) alleged in the Complaint are unenforceable because they are unconscionable.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Complaint Uncertain)

26. Each of Plaintiff's causes of action alleged in the Complaint is uncertain, ambiguous and unintelligible.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Impossibility)

27. The Complaint, and each cause of action alleged therein, is barred by the doctrine of impossibility.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Fraud in the Inducement)

28. The Complaint, and each cause of action alleged therein, is barred by fraud in the inducement committed on Defendant.

## TWENTY-NINTH AFFIRMATIVE DEFENSE
### (Actions of Others)

29. The Complaint, and each cause of action alleged therein, is barred because Defendant is not liable for the acts of others over whom it has no control.

### THIRTIETH AFFIRMATIVE DEFENSE
### (No Causation)

30. The Complaint, and each cause of action alleged therein, is barred because Plaintiff's damages, if any, were not caused by Defendant.

### THIRTY-FIRST AFFIRMATIVE DEFENSE
### (Speculative Damages)

31. The Complaint, and each purported cause of action therein, are barred because the purported damages claimed by Plaintiff are speculative and unreasonable and are beyond the contemplation of the parties and thus the alleged damages are uncertain.

### THIRTY-SECOND AFFIRMATIVE DEFENSE
### (Plaintiff Not Damaged)

32. Plaintiff was not damaged by any act or omission by Defendant.

### THIRTY-THIRD AFFIRMATIVE DEFENSE
### (Liquidated Damages)

33. Defendant alleges that no liquidated damages should be awarded arising out of the claims made in the Complaint because the liquidated damages provision stated in the contract(s) was unreasonable under the circumstances existing at the time the contract was allegedly made, unconscionable, and is contrary to public policy.

### ADDITIONAL AFFIRMATIVE DEFENSES

Defendant SBPEA alleges that there may be additional affirmative defenses to Plaintiff's alleged causes of action, which are currently unknown to SBPEA, and SBPEA reserves the right to amend this Answer to allege additional affirmative defenses in the event discovery or other information indicates they are appropriate.

WHEREFORE, SBPEA hereby prays for judgment against Plaintiff as follows:

1. That this Court deny every item of relief requested in the Complaint;
2. That judgment on the Complaint be entered in favor of SBPEA;

3. That SBPEA be awarded its costs in this action and attorneys' fees as may be permitted by law;

4. And for such other and further relief as this Court may deem proper;

5. Defendant SBPEA hereby demands a trial by jury.

DATED: January 7, 2014               **HAYES & CUNNINGHAM, LLP**

By:  s/ Gena B. Burns
Attorneys for Defendant, SAN BERNARDINO PUBLIC EMPLOYEES' ASSOCIATION

---

**SBPEA'S ANSWER TO COMPLAINT**

8